Chad R. Fears, Esq. (SBN 6970)
Paige S. Prado, Esq. (SBN 16001)
**EVANS FEARS SCHUTTERT MCNULTY MICKUS**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV  89119
Telephone: 702-805-0290
cfears@efsmmlaw.com
pprado@efsmmlaw.com
*Attorneys for Defendants SharkNinja Operating LLC,*
*SharkNinja Sales Company and Costco Wholesale Corporation*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR HERNANDEZ, individually, a Nevada resident,<br><br>Plaintiff,<br><br>vs.<br><br>SHARKNINJA OPERATING, LLC, a Delaware Limited-Liability Company; SHARKNINJA SALES COMPANY, a Delaware Corporation; COSTCO WHOLESALE CORPORATION, a Foreign Corporation; ROE PRESSURE COOKER MANUFACTURER; ROE PRESSURE COOKER DISTRIBUTOR; ROE MANUFACTURER(S); ROE DISTRIBUTOR(S); DOE INDIVIDUALS 1-10; and ROE CORPORATIONS 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY AND COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), Defendants SharkNinja Operating LLC, SharkNinja Sales Company and Costco Wholesale Corporation ("Defendants") give notice of removal of this personal injury products-liability action, *Victor Hernandez v. SharkNinja Operating, LLC, et al.*, Case No. A-25-922857-C filed on July 10, 2025, from the District Court of Clark County, Nevada, to the United States District Court for the District of Nevada. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff Victor Hernandez's Summons,

Complaint, and all process, pleadings, and orders filed in the state court action are attached as **Exhibit A**. As grounds for removal, Defendants state as follows:

### GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

The grounds for removal based on diversity jurisdiction are met. As to the complete-diversity requirement, Plaintiff Victor Hernandez is a citizen of Nevada, *see* Plaintiff's Amended Complaint (Am. Compl.) at ¶ 1 (attached as **Ex. A**), and neither Defendant is a citizen of Nevada, *see* Am. Compl. (Ex. A) at ¶¶ 2-4; Defendant's Disclosure Statements (filed contemporaneously with this Notice of Removal).

Regarding the citizenship of each Defendant, SharkNinja Sales Company is a Delaware corporation with its principal place of business in Needham, Massachusetts. *Id.* SharkNinja Operating LLC is a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in the United Kingdom. *Id.* Costco Wholesale Corporation is a Washington corporation with its principal place of business in King County, Washington. *Id.*

Plaintiff's claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

Nevada rules provide, if the pleader seeks more than $15,000 in monetary damages, the demand for relief may request damages "in excess of $15,000" without further specification of the amount. *See* NRCP 8; *see* also Am. Compl. (Ex. A) Prayer for Relief.

Where, as here, the Amended Complaint does not set forth a specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 406 (9th Cir. 1996) (applying the preponderance of the evidence standard). "[T]he defendant's

amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87-89; *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (Where a complaint does not allege a specific amount of damages, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount" has been satisfied).

Moreover, the nature and gravity of Plaintiff's allegations make it facially apparent that the amount in controversy requirement has been satisfied. Specifically, Plaintiff alleges that his stomach, waist, front pelvic area, and portions of his right thigh were hit with hot contents, which caused severe burns and required him to seek medical treatment. Am. Compl. (Ex. A) at ¶¶ 24-25. Plaintiff further alleges that he sustained "permanent, catastrophic bodily injuries" that resulted in "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life." *Id.* at ¶¶ 56, 63. Plaintiff now seeks several categories of damages based on his personal injuries, which include past and future medical expenses for his alleged pain, suffering, and emotional distress, putative damages, and attorney's fees. *Id.* at ¶¶ 51-58, 63-65.

Defendants do not concede that they are liable for any damages requested in the Complaint, including pain and suffering and medical expenses alleged by Plaintiff. However, Plaintiff's alleged injuries, particularly his permanent and catastrophic bodily injuries establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 and this removal is proper.

**<u>PROCEDURAL REQUIREMENTS FOR REMOVAL</u>**

The procedural requirements for removal are also met. This Court is the proper venue for an action removed from Clark County. This Notice of Removal is timely because it was filed within 30 days of July 15, 2025, the date Defendant SharkNinja received Plaintiff's Complaint, which is the first paper from which it could be ascertained that this case is removable. 28 U.S.C.A. § 1446 ("[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or

other paper from which it may first be ascertained that the case is one which is or has become removable."). SharkNinja Sales Company joins this removal.

Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." This requirement is met here because all defendants who have been properly joined and served—SharkNinja Operating LLC, SharkNinja Sales Company, and Costco—consent to the removal of the action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (holding that an averment of consent within a notice of removal, and signed pursuant to Rule 11, is sufficient to show consent to remove by co-defendants); *see also* 28 U.S.C. 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

After filing this notice of removal, Defendants will promptly give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of Clark County's Court, pursuant to 28 U.S.C. § 1446(d). Defendants have attached the following exhibits, which include a legible copy of each paper docketed in the state court:

- Plaintiff's Amended Complaint (**Ex. A**)
- Copies of all papers docketed in the state court action (**Ex. B**)
- Notice required pursuant to 28 U.S.C. § 1446(d) (**Ex. C**)

Dated: August 14, 2025.

**EVANS FEARS SCHUTTERT MCNULTY MICKUS**

*/s/ Chad R. Fears*
Chad R. Fears, Esq. (SBN 6970)
Paige S. Prado, Esq. (SBN 16001)
6720 Via Austi Parkway, Suite 300
Las Vegas, NV  89119
*Attorneys for Defendants SharkNinja Operating LLC, SharkNinja Sales Company and Costco Wholesale Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANTS SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY AND COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL** was served on counsel of record this 14th day of August, 2025, using the Court's CM/ECF System.

                    /s/ Faith Radford
                    An Employee of Evans Fears Schuttert McNulty Mickus